J-S18027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JABRIEL M. BROWN, | : | |
| | : | |
| Appellant | : | No. 2324 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004458-2017

BEFORE:   PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                         **FILED JUNE 21, 2023**

Appellant, Jabriel M. Brown, appeals from the August 13, 2019 judgment of sentence entered in the Philadelphia County Court of Common Pleas following his guilty plea to twenty-three offenses stemming from a home break-in and assault.[1] Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm the judgment of sentence.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant pled guilty to two counts each of Aggravated Assault, Robbery, Burglary, Conspiracy, Criminal Trespass, Theft-by Unlawful Taking, Receiving Stolen Property, Simple Assault, Recklessly Endangering Another Person, and one count each of Possession of a Firearm by a Person Prohibited, Firearms Not to be Carried Without a License, Carrying Firearms in Public in Philadelphia, Possession of Instrument of a Crime, and Criminal Mischief. ***See*** 18 Pa.C.S. §§ 2702(a), 3701(a)(1)(ii), 3502(a)(1)(i), 903, 3503(a)(1)(ii), 3921(a), 3925(a), 2701(a), 2705, 6105(a)(1), 6106(a)(1), 6108, 907(a), and 3304(a)(1), respectively.

The relevant facts and procedural history are as follows. At approximately 7:30 AM on May 3, 2017, Steven Wallace and Nasir Hall (collectively, Victims) were sleeping in Wallace's bedroom when Appellant and Jordan Hudson ("Codefendant") broke into the house and kicked in the bedroom door. Appellant pointed a gun at Victims and struck Wallace in the face with the gun. One of the assailants also kicked Hall in the face. Although the assailants wore masks, Wallace identified them from the neighborhood. The assailants proceeded to take approximately $900, an iPhone, and a designer belt from Victims.

Ultimately, Appellant pled guilty to the listed offenses. On August 13, 2019, after the court reviewed Appellant's mental health and presentence investigation reports and considered the sentencing guidelines, it sentenced Appellant to an aggregate term of 5-12 years of incarceration. Appellant filed a Motion for Reconsideration/Reduction of Sentence on August 20, 2019, which the sentencing court denied by operation of law on January 7, 2020.

Although Appellant did not initially file a direct appeal, he subsequently sought reinstatement of his appellate rights by filing a Post-Conviction Relief Act ("PCRA") Petition.[2] The PCRA court granted reinstatement of his rights *nunc pro tunc* on August 23, 2022. On September 9, 2022, Appellant filed a notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.

---

[2] 42 Pa.C.S. §§ 9541-9546.

Before this Court, Appellant raises the following question: "Whether Appellant's sentence was unduly harsh and excessive[?]" Appellant's Br. at 4.

**A.**

Appellant challenges the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Instead, an appellant challenging the discretionary aspects of his sentence must comply with the following requirements: (1) file a timely notice of appeal; (2) preserve the issue at sentencing or in a motion to reconsider and modify sentence; (3) include in his appellate brief a separate section setting forth a concise statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f); and (4) raise a substantial question that the sentence is inappropriate under the Sentencing Code. *Id.*

The record and his brief reflect that Appellant satisfied the first three requirements. Thus, we consider whether Appellant has presented a substantial question for review.

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Summers*, 245 A.3d 686, 692 (Pa. Super. 2021), *appeal denied*, 276 A.3d 700 (Pa. 2022) (citation omitted). "While a bald claim of excessiveness does not present a substantial question for review, a claim that

the sentence is manifestly excessive, inflicting too severe a punishment, does present a substantial question." **Commonwealth v. Hicks**, 151 A.3d 216, 227 (Pa. Super. 2016) (citation omitted). Moreover, a claim that the "sentencing court disregarded [a defendant's] rehabilitative potential and sentenced [him] to a manifestly excessive sentence" constitutes a substantial question. **Commonwealth v. Snyder**, 289 A.3d 1121, 1126 (Pa. Super, 2023).

In the instant case, Appellant maintains that his sentence was so "manifestly excessive as to constitute too severe a punishment." Appellant's Br. at 8. He further asserts that the sentencing court "did not provide adequate reasons for the sentence being so high nor did the court give due consideration to the defense arguments for a lesser sentence[,]" including his asserted rehabilitative potential. **Id.** Based upon the above precedent, we find that Appellant has asserted a substantial question.

**B.**

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Sexton,** 222 A.3d 405, 420 (Pa. Super. 2019) (citation omitted). To demonstrate an abuse of discretion, the defendant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision." **Id.**

- 4 -

In sentencing a defendant, a trial court should consider the following factors: "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). When, as in the instant case, the sentencing court has the benefit of a pre-sentence investigation report, "we presume that [it] was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." **Sexton**, 222 A.3d at 422 (citation omitted). Moreover, we defer to the sentencing court's assessment of the sentencing factors as it is "in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." **Summers**, 245 A.3d at 696 (citation omitted).

## C.

While Appellant acknowledges that his sentence was within the guidelines, he claims that his sentence is "unduly harsh and unreasonable" and that the sentencing court failed to "give sufficient weight to the rehabilitation of Appellant." Appellant's Br. at 10. He emphasizes that he was 19 at the time of the crime, was seeking treatment for Attention-Deficit-Hyperactivity Disorder, and had substantial family and community support. *Id.* at 11. Appellant claims that the sentencing court improperly considered that Appellant possessed a firearm during the incident and engaged in violence, attributes which Appellant contends are already incorporated into

the sentencing guidelines. *Id.* at 13. Our review of the record, however, reveals that the sentencing court did not abuse its discretion.

At the sentencing hearing and in its Rule 1925(a) Opinion, the trial court thoroughly explained its reasons for the sentence imposed, balancing what it viewed as mitigating and aggravating factors.[3] The court identified the following mitigating factors: "that Defendant accepted responsibility, that he was youthful at the time of the crime, that he had incredible family support, and that his prior conviction was over five years old, committed when he was a minor at the age of fourteen." Tr. Ct. Op. at 6. The court, however, recognized "that were aggravating factors present when considering the sentence, such as the premeditation required for the crime, the violence involved and the fact a firearm was posses[s]ed, that there was information of intimidation against the victim and the victim's family, the fact that his previous conviction was a Felony I robbery, and that Defendant, while on bail for the case at bar, committed another robbery." *Id.* Ultimately, the court declined to impose consecutive sentences, deviated from the guidelines by mitigating the minimum sentence by six months, but included "a longer tail[,]" explaining that it wanted to "keep him on [the court's] supervision when he does get out." N.T., 8/13/2019, at 60. In light of the court's careful and

---

[3] Given his prior record score of 4 and the offense gravity score of 10, the standard guideline sentence was 48-60 months, plus or minus 12 months, which increased to 66-78 months, with the inclusion of the deadly weapon enhancement. *See* 204 Pa. Code §§ 303.16, 303.17(b). The court mitigated by 6 months the minimum sentence, imposing a sentence of 60-144 months.

reasonable assessment of the sentencing factors, we conclude that the court did not abuse its discretion in fashioning Appellant's sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2023